[No. 12692. In Bank. — February 25, 1889.]

R. E. WILHOIT et al., Appellants, v. M. E. BRYANT et al., Respondents.

Assignment for Benefit of Creditors — Reservation of Homestead.— An assignment for the benefit of creditors is voluntary, and neither the assignees nor the creditors can claim any property under the assignment which was not in fact deeded to them. A deed of assignment excepting from its operation a quarter-section of land, being the homestead property of the assignor, valued at five thousand dollars, reserves the whole quarter-section, and does not confer any title upon the assignees to any excess of value above five thousand dollars, or pass to them any interest in the quarter-section.

Id. — Valuation of Homestead — Action of Assignee for Partition — Pleading. — An averment in the complaint of an assignee who sues for the partition and sale of homestead property, held by the assignor at the time of an assignment for the benefit of creditors, that the homestead property then greatly exceeded in value the sum of five thousand dollars, and is (about two years afterward) of the value of eleven thousand dollars, or thereabouts, does not allege the value of the property at the time of assignment, or show what interest the assignees took in the homestead, and is insufficient to show a title in the assignees to six elevenths of the property.

Appeal from a judgment of the Superior Court of San Joaquin County.

The facts are stated in the opinion.

*J. C. Campbell,* for Appellants.

All the real property of defendant, over and in excess of five thousand dollars, passed by the assignment to plaintiff. (*Gregg* v. *Bostwick,* 33 Cal. 227; 91 Am. Dec. 637; *Estate of Delaney,* 37 Cal. 180.) This action lies for a partition of the homestead. (Thompson on Homesteads, secs. 631, 682; *Barney* v. *Leeds,* 54 N. H. 129; 51 N. H. 262; *Gary* v. *Eastabrook,* 6 Cal. 459; *Ferguson* v. *Reed,* 45 Tex. 585; Freeman on Cotenancy, 2d ed., sec. 60; *Pittsfield Bank* v. *Howk,* 4 Allen, 347; *Castle* v. *Palmer,* 6 Allen, 404; *Silloway* v. *Brown,* 12 Allen, 36.) The deed of assignment should be construed most strongly against the grantor, and doubts should be resolved in favor of the grantee. (*Hays* v. *Wetherbee,* 60 Cal. 398, 399; *Fratt* v. *Whittier,* 58 Cal. 130, 131; 41 Am. Rep. 251; *Hager* v. *Spect,* 52 Cal. 582; *Sprague* v. *Edwards,* 48 Cal. 247; *Piper* v. *True,* 36 Cal. 617; *Vance* v. *Fore,* 24 Cal. 435; *Muller* v. *Boggs,* 25 Cal. 175.)

*J. C. Byers,* and *P. S. Wilkes,* for Respondents.

Defendant had a right to convey to the assignees what he wanted them to have. (Bishop on Assignments, pp. 105, 110.) The assignment being set out *in hæc verba,* its statements should be treated as controlling allegations of the complaint in conflict with its legal effect. (*Love* v. *W. & M. Co.,* 32 Cal. 650; Code Civ. Proc., sec. 453.) The pleading is to be construed most strongly against the pleader. (*Nevada Co.* v. *Kidd,* 28 Cal. 684; Boone on Code Pleading, sec. 274.) The whole of the homestead is exempt property. (Civ. Code, secs. 1240–1249, 1265; *Barrett* v. *Sims,* 59 Cal. 615; *Waggle* v. *Worthy,* 74 Cal. 266; *Lamb* v. *Shays,* 14 Iowa, 567.) The code provides the only means for determining any excess of homestead. (Civ. Code, secs. 1240, 1245, 1246; *Barrett* v. *Sims,* 59 Cal. 619; *Walsh* v. *McMenomy,* 74 Cal. 356.) In the assignment of a homestead the construction is most favorable to the grantor. No general words will

carry title. (Civ. Code, sec. 3470.) Property which did not pass by the assignment passes by subsequent deed or mortgage of the assignor clear of the claims of the assignees or of the creditors. (*Lamb* v. *Shays*, 14 Iowa, 567.)

BELCHER, C. C.—The defendant M. E. Bryant, being insolvent, made an assignment for the benefit of his creditors, under the provisions of the Civil Code (sections 3449 to 3473), and the plaintiffs were his assignees. The assignment was of "all his real estate, personal property, chattels, book-accounts, choses in action, and property of every name, nature, and description, wheresoever the same may be situate, save and except such property, land, tenements, and hereditaments, and all as are exempt by law from attachment and execution, as is fully described and set forth in the schedule hereto annexed, and made a part of these assignments, marked schedule A." The schedule describes the several parcels of real property owned by the assignor, and among others, "the southeast quarter of section 17, all in township 4 north, range 8 east, Mount Diablo meridian," and adds: "Said lands are encumbered as follows: By three mortgages, . . . . and the southeast quarter of section 17 is encumbered by a homestead filing of the within assignor." Then, after giving a list of the personal property, it says: "The following is a list of the exempt real property of the within assignor: The southeast quarter of section 17 in township 4 north, range 8 east, Mount Diablo meridian, the same being the homestead property of the within assignor, valued at five thousand dollars."

The plaintiffs, after setting out in their complaint a copy of the assignment and schedule, and all the facts necessary to make the assignment valid under the provisions of the code, proceed to allege that defendant

Bryant conveyed to them the southeast quarter of said section 17, "subject to a certain homestead theretofore filed upon the same" by him, "to the extent and value of five thousand dollars, and no more"; "that said real property did on said sixteenth day of February, 1886 (the date of the assignment), and does now, greatly exceed the sum of five thousand dollars in value, and is of the value of eleven thousand dollars, or thereabouts"; "that all of the property of said Bryant that has come into the hands of these assignees, or of which they have any knowledge, including the property herein described, will not be sufficient to pay the creditors of said Bryant in full." Wherefore they pray that the court appoint three disinterested freeholders "to appraise and set aside to said Bryant, from said land herein described, his land as a homestead herein, of the value of five thousand dollars, and that plaintiffs be authorized and permitted to sell the remaining portion of said land under the provisions of their said deed aforesaid"; and further, that the court order and decree that "defendants have no right, title, or interest in or to any of the land or premises herein, save and except the portion thereof that may be set aside to said Bryant as his said homestead."

A general demurrer was interposed and sustained to the complaint, and from the judgment thereupon entered against them the plaintiffs have appealed.

It is argued here for appellants that under the assignment made to them they took as trustees, and now hold the title to six elevenths of the quarter-section in question, and that their action is in the nature of an action for partition.

In this connection it may be observed that the averment in the complaint is, that the property at the time of the assignment greatly exceeded in value the sum of five thousand dollars, and *is* (about two years afterward)

of the value of eleven thousand dollars, or thereabouts. There is nothing in this to show what the aggregate value of the property was when the assignment was made, or what interest, if any, the assignees then took in it. We cannot, therefore, know or assume that the value then was what it is now stated to be.

But however this may be, it is contended for respondents that plaintiffs took no interest in the quarter-section under their deed; and this contention, we think, must be sustained. The assignment was voluntary. The assignor could in this way turn over for the use of his creditors as much or little of his property as he pleased. It is true, the code required him to make a full and true inventory of all his property, whether exempt or not exempt from execution (Civil Code, section 3461), and if he failed to do so, the right of his creditors to proceed against him was in no way impaired. But neither the assignees nor creditors could claim any property, under the assignment, which was not in fact deeded to them. Now, the deed in this case excepts from its operation all property " exempt by law from attachment and execution," and the schedule, which is made a part of the deed, mentions the quarter-section in question as " encumbered by a homestead filing" of the assignor, and describes it as "the exempt real property" of the assignor, " the same being the homestead property of the within assignor, valued at five thousand dollars." The value named, whether correct or not, was intended, as we construe the language, to be of the whole quarter-section, and not of some fractional interest therein, and the purpose of the grantor was to have the whole quarter-section excepted from the operation of the deed.

This being so, no interest in the quarter-section passed to the assignees, and the demurrer was, therefore, properly sustained.

This disposes of the whole case, and it is unnecessary,

therefore, to consider the other question discussed by counsel.

The judgment should be affirmed.

FOOTE, C., and HAYNE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.